UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC, <br> a Texas Limited Liability Company <br><br> Plaintiff, <br><br> v. <br><br> GSF FOUNDATION, <br> a California Corporation <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:16-cv-3258 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW The Leader's Institute, LLC, ("Plaintiff")by and through the undersigned counsel, and files this Complaint against Golden State Foods Foundation ("Defendant") and alleges the following:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement and unfair competition under the United States Trademark (Lanham) Act 15 U.S.C. §§ 1051, *et seq.*, and unfair competition, unjust enrichment, and trademark infringement under the common law and the laws of this State.

2.      Plaintiff, The Leader's Institute, LLC, is a highly successful, independent, and privately held company offering training to organizations and individuals in leadership and management skills development, public speaking skills, and team-building.

3.      Plaintiff has invested significantly in its business as well as its branding, including use of the mark BUILD-A-BIKE®.

4.      As a result of its extensive advertising, provision of services, sound business practices, and operations, Plaintiff has established strong relationships with consumers who have come to recognize and respect the services provided by Plaintiff and identified using the Plaintiff's BUILD-A-BIKE® mark.

5.      Plaintiff's BUILD-A-BIKE® trademark is distinctive and well known as used in connection with the services offered by Plaintiff, resulting in recognition that the services offered under the mark emanate from a single source – namely Plaintiff.  Thus, there is a likelihood that the Plaintiff's existing and potential customers will be confused unless Defendant is enjoined.

6.      The goodwill embodied in the mark of Plaintiff, and consequently Plaintiff's valuable reputation and credibility in the industry, depends on the integrity of the mark as being identified exclusively with Plaintiff, and not any other source.

7.      This lawsuit is brought to stop Defendant's infringement of valuable intellectual property rights, including the federally registered BUILD-A-BIKE® mark relating to Plaintiff's business, from passing off Defendant's operations as those of Plaintiff, including engaging in activities likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

8.      Defendant's use of Plaintiff's BUILD-A-BIKE® mark in connection with its business constitutes an apparent intentional effort to imitate and/or cause confusion with respect to the successful business and trademark of Plaintiff.

9.      Defendant's infringement of Plaintiff's intellectual property rights harms Plaintiff, as well as Plaintiff's customers who may be confused and deceived by Defendant's unauthorized

413749-v1/4456-02100

reproduction and/or imitation of Plaintiff's trademark, both federally registered and at common law.

10.     Plaintiff respectfully seeks intervention of this Court to stop Defendant from continuing its present activities and for monetary damages.

## THE PARTIES

11.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

12.     The Leader's Institute, LLC ("TLI"), is a limited liability company duly organized and existing under the laws of the state of Texas with its principal place of business at 6703 Coronation Court, Arlington, Texas, 76017.  TLI is engaged in the business of education and training for organizations and individuals in leadership and management skills development, public speaking skills and team-building.

13.     Defendant, Golden State Foods Foundation ("GSF Foundation"), is a California 501(c)3 non-profit corporation whose principal place of business is at 18301 Von Karman Avenue, #1100, Irvine, California 92612.  On information and belief, Defendant may be served with process by serving its registered agent, Corporation Service Company, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

## JURISDICTION AND VENUE

14.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

15.     The Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

Page 3

16.     On information and belief, this Court has personal jurisdiction over Defendant under the Texas long arm statute because Defendant has established minimum contacts with Texas such that the exercise of personal jurisdiction over Defendant is proper under the due process clause of the United States Constitution. Defendant advertises its business and services over the internet at www.gsffoundation.org which reaches residents in Texas.

17.     Defendant has established minimum contacts with Texas such that the exercise of personal jurisdiction over Defendant is proper under the due process clause of the United States Constitution because Defendant advertises on its website that it has an established location in the state of Texas, which serves residents of Texas, located at Schertz, Texas. See http://www.gsffoundation.org/about-us/gsf-locations/. Defendant provides a link on its website for individuals to donate to this location in Schertz, Texas, thereby further serving the residents of Texas. See http://www.gsffoundation.org/donate/?donateloc=39.

18.     Defendant has further established minimum contacts with Texas such that the exercise of personal jurisdiction over Defendant is proper under the due process clause of the United States Constitution because Defendants states that it "proudly supports hundreds of children's charities and schools throughout the United States" which includes Bellaire Elementary, Carroll Bell Elementary, Kingsborough Middle, Vestal Elementary, Southside Heritage Elementary, and Serna Elementary in San Antonio, Texas, Goodwin Frazier Elementary and Memorial Elementary in New Braunfels, Texas, Marion Project Care in Marion, Texas, and Robb Elementary in Uvalde, Texas. Accordingly, Defendant serves residents of the state of Texas.

19.     Exercise of personal jurisdiction over Defendant is also proper under the due process clause of the United States Constitution because Defendant is committing the tort of

trademark infringement in Texas by providing services that infringe Plaintiff's trademark in Texas and by advertising that is intentionally directed at Texas and its residents with the purpose and effect of injuring TLI at its principal place of business in Texas.

20.     On information and belief, Defendant has willfully and voluntarily committed the acts complained of herein in at least this State.

21.     On information and belief, venue is proper under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### A.  PLAINTIFF'S BUILD-A-BIKE® TRADEMARK

22.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

23.     Since at least as early as December 2001, Plaintiff has been engaged in the business of conducting corporate leadership, team-building and public speaking seminars.

24.     Plaintiff provides training to organizations and individuals in leadership and management skills development, public speaking skills, and team-building training.  Plaintiff also organizes and puts on corporate charity events which allow for both the development of team building skills and charitable giving by its organizational clients.

25.     Plaintiff, by and through itself, and by and through its chief executive officer, is the owner of several service marks registered with the United States Patent and Trademark Office ("USPTO"), including without limitation, the following registrations:

> U.S. Trademark Registration No. 4,542,884 for the standard character word mark **BUILD-A-BIKE®** for use in connection with "educational services, namely, conducting classes, seminars, workshops, lectures, and self-paced training programs in the field of personal and professional development, leadership, communication, and team building and distribution of educational materials in connection therewith; personal coaching services in the field of personal and professional development for individuals and groups," in International Class 41; and

U.S. Supplemental Trademark Registration No. 3,535,706 for the standard character word mark **BUILD-A-BIKE®** for use in connection with "education services, namely, providing classes, seminars, and workshops in the field of team building and leadership," in International Class 41.

26.     The foregoing trademark registrations are currently valid, subsisting and in full force and effect.  True and correct copies of the registration certificates are attached hereto as Exhibits A and B.  The federal registration and common law rights of Plaintiff in the mark BUILD-A-BIKE® are collectively referred to hereafter as the "BUILD-A-BIKE® Mark."

27.     Plaintiff has extensively advertised and promoted its services and has developed substantial recognition in the marketplace for its services bearing the BUILD-A-BIKE® Mark. Plaintiff's advertising has included brochures, mailings and other letters, training and course materials, the Internet, and in other manners customary to the trade.  Plaintiff also regularly interacts and conducts business with its clients via the telephone, facsimile, mail and/or email using the BUILD-A-BIKE® Mark.

28.     As a result of Plaintiff's long use and promotion of the BUILD-A-BIKE® Mark, the mark has become widely and favorably known as identifying Plaintiff and its leadership and team building workshops and related goods and services from those of others, and to distinguish the source or origin of Plaintiff's leadership and team building workshops and related goods and services.

29.     As a result of Plaintiff's long use and promotion of the BUILD-A-BIKE® Mark in the United States, Plaintiff has acquired valuable common law rights in the Mark.

30.     Plaintiff has continuously used the BUILD-A-BIKE® Mark in interstate commerce since at least as early as October 15, 2005 in connection with leadership and team building workshops and related goods and services, and has followed the USPTO marking

guidelines by properly using the ® and/or TM designations, as appropriate, in connection with the BUILD-A-BIKE® Mark.

31.     Through Plaintiff's trademark registrations and Plaintiff's consistent and continuous use, advertising, and third-party media attention, Plaintiff has developed enforceable statutory and common law rights in the BUILD-A-BIKE® Mark.  Plaintiff has established substantial goodwill with its customers via the mark and has developed an excellent reputation throughout the United States.  In addition, Plaintiff has invested significantly in advertising the registered BUILD-A-BIKE® Mark in association with its business.

**B.  DEFENDANT'S INFRINGING ACTIVITIES**

32.     On information and belief, Defendant GSF is a California corporation.

33.     Defendant's business is a non-profit charity organization that provides financial and volunteer assistance to other charity and non-profit organizations.  Defendant's website is located at www.gsffoundation.org.

34.     On information and belief, Defendant GSF offers services in interstate commerce.

35.     On information and belief, Defendant has been using Plaintiff's BUILD-A-BIKE® mark and confusingly similar marks on their website and elsewhere in advertising and promoting their goods and services since at least as early as August 16, 2012, including but not limited to the following:

      a.  Use of Plaintiff's identical mark in the URL associated with Plaintiff's main page for its "Charity Bike Build" event which is virtually identical to a bike building event offered by Plaintiff:

        http://www.gsffoundation.org/event/gsf-foundations-national-build-a-bike-event/

        http://www.gsffoundation.org/gsf-foundation-completes-third-annual-build-ur-bike-event/

413749-v1/4456-02100

http://www.gsffoundation.org/cim-hosts-a-build-a-bike-event/

http://www.gsffoundation.org/wp-content/uploads/2012/12/Build-A-Bike-Logo-2016.png

(*see* Exhibit C);

   b.   Use of Plaintiff's mark on various pages of Defendant's website:

http://www.gsffoundation.org/core-programs/build-your-bike/

http://www.gsffoundation.org/about-us

http://www.gsffoundation.org/gsf-foundation-holds-its-first-national-build-ur-bike-day

http://www.gsffoundation.org/build-ur-bike-takes-a-trip-to-cabo/

http://www.gsffoundation.org/second-annual-national-build-ur-bike-event-exceeds-goals-and-expectations/

http://www.gsffoundation.org/qcd-spokane-build-ur-bike/

http://www.gsffoundation.org/wp-content/uploads/2013/02/build-a-bike-starbucks-sign1.jpg

http://www.gsffoundation.org/category/current-news/

http://www.gsffoundation.org/news/

*See* Exhibit D.

36.     Plaintiff has not licensed or authorized Defendant to undertake any of the above-described activities.

37.     On May 26, 2016, Plaintiff gave written notice of the infringing activities related to BUILD-A-BIKE® Mark prior to the commencement of this action, again demanding a halt to specific acts by Defendant.

38.     On September 12, 2016, a second notice was delivered to Defendant demanding it cease the continued use and voluntary infringement of Plaintiff's mark.

39.     On September 29, 2016, a third notice was delivered to Defendant's counsel, demanding again that Defendant cease use and infringement of Plaintiff's mark.

Page 8

40.     At some point after September 29, 2016, Defendant changed several webpages from "Build-A-Bike" to "Build-Your-Bike." The revised mark is confusingly similar to Plaintiff's mark and infringes Plaintiff's mark.

41.     On information and belief, and notwithstanding the foregoing, Defendant continues to use Plaintiff's BUILD-A-BIKE® Mark on its website and elsewhere.   On information and belief, and notwithstanding the foregoing, Defendant also continues to use confusingly similar marks such as "Build-Your-Bike." Such use directly infringes Plaintiff's intellectual property and uses Plaintiff's intellectual property to compete with Plaintiff.

42.     On information and belief, Defendant is willfully continuing to use Plaintiff's BUILD-A-BIKE® Mark and engage in the acts complained of herein.

## C.  EFFECT OF DEFENDANT'S ACTIVITIES

43.     Defendant's activities falsely represent to the relevant public that there is an association with Plaintiff.

44.     Defendant's unauthorized use of the BUILD-A-BIKE® Mark and use of confusingly similar marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's business by Plaintiff.

45.     Defendant's unauthorized use of the BUILD-A-BIKE® Mark and use of confusingly similar marks falsely designates the origin of their business, and falsely and misleadingly describes and represents facts with respect to Defendant's business.

46.     Defendant's unauthorized use of the BUILD-A-BIKE® Mark and use of confusingly similar marks enables Defendant to trade on and receive the benefit of goodwill built

up at great labor and expense by Plaintiff over many years, and to gain acceptance for its business not solely on its own merits, but on the reputation and goodwill of Plaintiff, its registered BUILD-A-BIKE® Mark, and its services.

47.     Defendant's unauthorized use of the BUILD-A-BIKE® Mark and use of confusingly similar marks unjustly enriches Defendant at Plaintiff's expense.  Defendant has been and continues to be unjustly enriched, obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its vast goodwill. Specifically, Defendant has taken unfair advantage of Plaintiff by trading on and profiting from the goodwill in the BUILD-A-BIKE® Mark developed and owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and products.

48.     Defendant's unauthorized use of the BUILD-A-BIKE® Mark and use of confusingly similar marks removes from Plaintiff the ability to control the nature and quality of products provided under the BUILD-A-BIKE® Mark, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

49.     Unless these acts of Defendant are restrained by this Court, they will continue, and it will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

50.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

51.     The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered BUILD-A-BIKE® Mark in violation of 15 U.S.C. § 1114(1).

52.     Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the BUILD-A-BIKE® Mark, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the BUILD-A-BIKE® Mark.  In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

53.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

54.     The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendant's use of the BUILD-A-BIKE® Mark without Plaintiff's consent is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Plaintiff.

56.     Plaintiff believes, and thereon alleges that Defendant's actions have been undertaken willfully with full knowledge of the likely confusion or mistake with respect to the source of the services.

57.     Plaintiff believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount not presently known to Plaintiff. By reason of Defendant's actions, constituting unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

413749-v1/4456-02100

58. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

59. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT IV: COMMON LAW UNFAIR COMPETITION

60. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

61. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT V: UNJUST ENRICHMENT

62. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

63. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff.

## DEMAND FOR A JURY TRIAL

64. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

65. WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendant including the following:

    a. A judgment declaring that Defendant has infringed Plaintiff's BUILD-A-BIKE® Mark under state and federal law;

413749-v1/4456-02100

b.  A judgment awarding Plaintiff damages as a result of Defendant's infringement of the trademarks with interest and costs;

c.  A judgment declaring that Defendant's infringement of Plaintiff's trademarks has been willful and deliberate;

d.  A judgment for Plaintiff on all other counts asserted herein;

e.  A judgment declaring that Defendant's business, and the present use of Plaintiff's BUILD-A-BIKE® Mark, in competition with Plaintiff, constitutes trademark infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125, and also that Defendant's acts constitute willful infringement under 15 U.S.C. § 1117;

f.  A judgment ordering that Defendant be ordered to pay any and all damages available under 15 U.S.C. § 1117, including court costs, expenses, enhanced damages, statutory damages to the extent permissible, and attorney's fees;

g.  A judgment holding Defendant jointly and severally liable.

h.  A grant of permanent injunction enjoining the Defendant from further acts of trademark infringement and unfair competition;

i.  Any other accounting for damages;

j.  Any other appropriate interest and costs; and

k.  For such other and further relief as the Court deems just and proper.

413749-v1/4456-02100

DATED this 21st day of November, 2016.

Respectfully submitted,


/s/ *Kristin Jordan Harkins*
Kristin Jordan Harkins
TX Bar No. 00787795
kharkins@dfw.conleyrose.com
CONLEY ROSE, P.C.
5601 Granite Parkway, Suite 500
Plano, TX 75024
(972) 731-2288
(972) 731-2289 (fax)


Darlene Ghavimi
TX Bar No. 24072114
dghavimi@conleyrose.com
CONLEY ROSE, P.C.
13413 Galleria Circle, Suite 100
Austin, TX 78738
(512) 610-3410
(512) 610-3456 (fax)

ATTORNEYS FOR PLAINTIFF